UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RDI OF MICHIGAN, LLC,

    Plaintiff,

v.

Case No. 08-11177
Hon. Lawrence P. Zatkoff

MICHIGAN COIN-OP VENDING, INC,
JORDAN MIRCH, and DOES I-V and ROES
VI-IX,

    Defendants.

**ORDER ADJOURNING HEARING ON PRELIMINARY INJUNCTION**

Pursuant to an Ex Parte Motion for Temporary Restraining Order filed by Plaintiff, the Court entered a Temporary Restraining Order on March 20, 2008 (the "March 20 Order"), wherein the Court ordered that Defendants, their directors, officers, agents, servants, employees, and all persons in active concert, privity, or participation with them, were thereafter restrained from

1. operating, copying, reproducing, selling, offering for sale, or displaying;
2. transferring, moving, relocating, disposing of, dissipating, discarding, secreting, or hiding;
3. tampering with, modifying, changing, converting, altering, adjusting, repairing, amending, revising, or varying

any video poker game that incorporates, is copied from, infringes upon, is derivative of, or is an enhancement of the Merit "Superstar" or "Americana" video poker games or the computer source code from which they derive, copyrights for which are owned by Plaintiff, including, but not limited to: any such complete video poker games; computer or circuit board(s); U9 computer chip(s); computer equipment; or any other electronic storage devices, including DVDs and/or

1

computer storage disks upon which computer code may be stored.

In the March 20 Order, the Court FURTHER ORDERED that the United States Marshals was to effectuate the immediate seizure and impoundment of:

1. Any video poker game that incorporates, is copied from, infringes upon, is derivative of, or is an enhancement of the Merit "Superstar" or "Americana" video poker games or the computer source code from which they derive, copyrights for which are owned by Plaintiff RDI of Michigan, LLC, including, but not limited to: any such complete video poker games; computer or circuit board(s); U9 computer chip(s); computer equipment; or any other electronic storage devices, including DVDs and/or computer storage disks upon which computer code may be stored; and

2. Any equipment in the possession or control of the Defendants, wherever located, that can be used in the manufacture or creation of any of the goods listed in section 1, above, specifically including, but not limited to, Defendants Eprom burner and ultraviolet eraser.

Finally, in the March 20 Order, the Court FURTHER ORDERED that any seized goods or equipment shall be impounded by and retained in the safekeeping of the U.S. Marshals pending further order of this Court.

After Defendants filed a Motion to Dissolve the March 20 Order (*i.e.,* the Temporary Restraining Order), the Court conducted a hearing on March 27, 2008, at which time the Court held:

  A. Except as set forth in Paragraphs B, C and D below, the terms of the March 20 Order were to remain in place until further order of this Court;

  B. Defendants were to provide the Court with a list of any locations where equipment allegedly subject to seizure under the March 20 Order had not yet been seized;

  C. Seizures of equipment allegedly subject to the March 20 Order were to cease immediately and no further seizures could occur until such time, if any, as the Court ordered otherwise; and

  D. A preliminary injunction hearing was scheduled for 10:00 a.m. on April 3, 2008.

Since the hearing on March 27, 2008,

    1. Defendants have provided the Court with the list required pursuant to Paragraph B above; and

    2. The parties, through their counsel, have asked the Court to adjourn the preliminary injunction hearing from April 3, 2008, at 10:00 a.m. to May 1, 2008, at 1:30 p.m.

Accordingly, based on the foregoing facts and the desire of the parties, the Court hereby ORDERS that the preliminary injunction hearing scheduled for April 3, 2008, at 10:00 a.m. is HEREBY ADJOURNED to May 1, 2008, at 1:30 p.m. IT IS FURTHER ORDERED that, to the extent any party desires the Court to consider any written submission related to the May 1, 2008, preliminary injunction hearing, such submission shall be filed on or before April 25, 2008, and shall be no more than 10 pages. In the event a party timely files such a submission, the opposing party may submit a reply of no more than 5 pages on or before Monday, April 28, 2008.

IT IS SO ORDERED.

                        s/Lawrence P. Zatkoff
                        LAWRENCE P. ZATKOFF
                        UNITED STATES DISTRICT JUDGE

Dated: April 3, 2008

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 3, 2008.

                        s/Marie E. Verlinde
                        Case Manager
                        (810) 984-3290