UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RDI OF MICHIGAN, LLC,

    Plaintiff,

v.

MICHIGAN COIN-OP VENDING, INC,
JORDAN MIRCH, and DOES I-V
and ROES VI-IX,

    Defendants.

_____/

Case No. 08-11177
Hon.  Lawrence P. Zatkoff

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron, State of
Michigan, on the 29th day of April, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I.  INTRODUCTION

This matter is before the Court pursuant to Defendants' Motion for Reassignment and for Sanctions (Docket #21).  Plaintiff filed a timely response and Defendants filed a timely reply. The Court finds that the facts and legal arguments pertinent to addressing the Defendants' Motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments.  Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that the matter be resolved on the parties' filings, without this Court entertaining oral arguments.

### II.  BACKGROUND

On March 19, 2008, Plaintiff filed this case and completed a Civil Cover Sheet. In completing the Civil Cover Sheet, Plaintiff indicated that there was a related case pending in Oakland County Circuit Court, *RDI of Michigan, L.L.C., etc. v. Michigan Coin-Op Vending, Inc., et al.*, No. 08-088-524-CK. Plaintiff did not list any other possible related or companion cases.

As Defendants note, prior to filing the instant action, Plaintiff filed three cases in federal court in 2007, each of which involved claims by Plaintiff that one or more persons violated intellectual property rights of Plaintiff. Allegedly, those intellectual property rights turn on the same copyright issues involved in this case. Those cases are titled:

1. *RDI of Michigan, LLC v. Abraham, et al.*, Case NO. 07-13685;

2. *RDI of Michigan, LLC v. Waterford Aerie No. 2887, Fraternal Order of Eagles, et al.*, Case No. 07-14067; and

3. *RDI of Michigan, LLC v. Michno, et al.*, Case No. 07-14584.

In each of those cases (collectively, the "2007 Cases"), Plaintiff is represented by the same attorneys in this case. None of the defendants in this case are named in any of the 2007 Cases.

### III. ANALYSIS

**A.  Local Rule 83.11(b)(7)**

E.D. Mich. Local Rule 83.11(b)(7)(B) requires a party initiating a lawsuit to notify the Court, at the time of filing, if the lawsuit is related to a previously filed action (*i.e.*, a companion case).

    (A)    Companion cases are those in which it appears that:

        (i)    substantially similar evidence will be offered at trial; or

        (ii)    the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be

>companion cases even though one of them may have already
>been terminated.

E.D. Mich. Local Rule 83.11(b)(7)(A).

**B.     Substantially Similar Evidence**

Defendants argue that the instant case involves the same intellectual property rights of Plaintiff and the same copyright issues that are at issue in the 2007 Cases. Defendants further argue that all four cases allege the same license and derivative rights to the same copyrights. Even assuming Defendants' contentions are true, however, the evidence that would be offered at trial is not the same or substantially similar. The common theme in each of the four cases, if any, is that there may be a question of whether Plaintiff has valid copyright licenses for the games at issue. While that may be an important issue in this case (and the 2007 Cases), such issue does not mean that "substantially similar evidence" will be offered in all of the cases.

In fact, the Court concludes that substantially similar evidence will not be offered in this case in relation to the 2007 cases. Each of the four cases involves separate, unrelated defendants allegedly engaging in violating the intellectual property rights of Plaintiff. There is no allegation by Plaintiff, nor any admission or suggestion of Defendants, that the Defendants in this case acted in concert with or were in any way related to the defendants in the other case such that it could be said that they were acting together. As such, to the extent there is any violation of intellectual property rights by these Defendants, Plaintiff will have to offer evidence of how the named Defendants in this action violated Plaintiff's intellectual property rights. Plaintiff will not be able to prove their case against the Defendants by showing that defendants in some other case violated Plaintiff's intellectual property rights.

Accordingly, the Court concludes that, pursuant to Local Rule 83.11(b)(7)(A)(i), this case

is not a companion case to any of the 2007 Cases.

**C.      Not the Same or Related Parties and Not the Same Transaction or Occurrence**

Defendants contend that the Plaintiff is the same in all four cases, the same lawyers represent Plaintiff in all four cases, the defendants in two of the other cases (but not this one) were represented by the same law firm, and that the witness lists filed in the earlier cases demonstrate that they are or will be substantially the same as the witness list in this case. While those factors may weigh in favor of Defendants' contentions, all of those things (other than common defense counsel in two of the cases - but not this one) involve the Plaintiff and its witnesses. There is no indication or evidence that the defense witnesses in this case will bear any resemblance to the defense witnesses in any of the 2007 Cases (nor did the defense witnesses in those cases, if any, bear any resemblance to each other).

More significantly, however, Defendants do not allege, and the docket reports for the four cases demonstrate, that the Defendants in this case are not the same as, nor do they appear to be related to, any of the parties named in the 2007 Cases. Finally, there is no evidence, or even any contention, that this case arises out of the same transaction or occurrence as any of the 2007 Cases. For the reasons discussed above (*i.e.*, that each case involves a relationship between Plaintiff and unrelated defendants), the Court concludes that this case does not arise out of the same transaction or occurrence as any of the other cases.

Accordingly, the Court concludes that this case also is not a companion case pursuant to Local Rule 83.11(b)(7)(A)(ii).

## IV. CONCLUSION

For the reasons set forth above, the Court concludes that the instant case is not a companion case, and that Plaintiff had no obligation under E.D. Mich. L.R. 83.11(b)(7)(B) to identify any of the three cases discussed above as companion cases at the time this case was filed. Accordingly, Defendants' Motion for Reassignment and for Sanctions is DENIED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: April 29, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 29, 2008.

s/Marie E. Verlinde
Case Manager
(810) 984-3290