UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RDI OF MICHIGAN, LLC,

    Plaintiff,

v.

Case No. 08-11177
Hon. Lawrence P. Zatkoff

MICHIGAN COIN-OP VENDING, INC,
JORDAN MIRCH, and DOES I-V and ROES
VI-IX,

    Defendants.

                                     /

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on February 9, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

On August 24, 2009, the Court issued an Opinion and Order granting Plaintiff's motion for summary judgment, including a determination that Plaintiff is entitled to attorney fees and costs (Docket # 64).  The Court ordered Plaintiff to provide a detailed invoice of fees and costs incurred by September 18, 2009, which Plaintiff did.  The Court also ordered that, to the extent Defendant Jordan Mirch ("Mirch") had any objections to the amount of fees and costs claimed by Plaintiff, Mirch had to file such objections by October 9, 2009.  As of the date of this Opinion and Order, Mirch still has not filed any objections with the Court.  The Court finds that the facts and legal arguments pertinent to the issue before the Court are adequately presented in the Plaintiff's filing, and the decision process will not be aided by oral arguments.  Therefore, pursuant to E.D. Mich.

Local R. 7.1(e)(2), it is hereby ORDERED that this issue be resolved on the brief submitted, without this Court entertaining oral arguments. For the reasons that follow, the Court awards Plaintiff $71,947.50 in attorney fees but ORDERS Plaintiff to provide the Court with documentation that shows Plaintiff incurred the $42,193.11 it seeks for costs.

## II. LEGAL STANDARD

17 U.S.C. § 505 grants courts the discretionary authority to award a prevailing party in a copyright infringement action the recovery of full costs and reasonable attorneys' fees from the other party. This is especially true where the defendant engaged in willful infringement, as the Court has found Mirch did in this case. 4 *Nimmer on Copyright,* § 14.10. The amount of an attorneys' fees award under § 505 of the Copyright Act is viewed as "better left to the discretion of the district court who has a bird's eye view of the actual positions taken by the litigants." *Flip Side Productions, Inc. v. Jam Productions, Ltd.*, 843 F.2d 1024, 1038 (7th Cir. 1988). As a leading authority of copyright law has observed, the amount of attorneys' fees under the Copyright Act should be determined "based on the standard federal fee shifting statutes generally rather than only those limited to copyright cases." 2 Abrams, *The Law of Copyright*, § 17.52.

"There is no requirement that the amount of an award of attorneys' fees be proportional to the amount of the underlying award of damages." *Building Service Local 47 v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995) (finding that fee award under ERISA fee-shifting provision did not have to be proportional to the amount of the underlying award of damages). *See also City of Riverside v. Rivera*, 477 U.S. 561, 581 (1986) (plurality opinion) (refusing to adopt rule that attorney fees under section 1988 be proportionate to underlying damages award).

A court is not required to hold a hearing on a request for fees unless disputed issues of fact exist that cannot be put to rest by reference to the affidavits and other materials accompanying the request for fees. *Building Service Local 47 v. Grandview Raceway*, 46 F.3d 1392, 1402 (6th Cir. 1995). A plaintiff must, however, provide the court with "evidence supporting the hours worked and the rates claimed." *Id.* This requirement can be satisfied by the affidavits of plaintiff's attorneys as to their fees and copies of billing invoices describing the activity involved, the amount of time expended on it, and the total amount of time spent on each activity. *Id.* at 1402-03. As the Sixth Circuit stated in *Building Service Local 47*, 46 F.3d at 1401:

> It is well settled that the "lodestar" approach is the proper method for determining the amount of reasonable attorneys' fees. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563, 92 L. Ed. 2d 439, 106 S. Ct. 3088 (1986) (citing *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973)), *rev'd*, 483 U.S. 711 (1987). In applying the lodestar approach, "the most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983). There is a "strong presumption" that this lodestar figure represents a reasonable fee. *Delaware Valley*, 478 U.S. at 565. . . .

"The most critical factor in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114, 121 L. Ed. 2d 494, 113 S. Ct. 566 (1992) (quoting *Hensley*, 461 U.S. at 436). Where a plaintiff has obtained excellent results, his attorneys should recover a full compensatory fee; if a plaintiff obtains "limited success, the district court should award only that amount of fees that is reasonable in relation to the success obtained." *Hensley*, 461 U.S. at 435. The Sixth Circuit has stated that a reduction in attorney fees is to be applied only in rare and exceptional cases where specific evidence in the record requires it. *Adcock-Ladd v. Secretary of Treasury*, 227 F.3d 343, 349-50 (6th Cir. 2000).

3

## III. ANALYSIS

### A. Requested Fees and Costs

Plaintiff asserts that the fees reasonably necessary for the prosecution of the copyright claims in this litigation total $71,947.50, calculated as follows: (1) Attorney Stephen Wasinger, 147.75 hours at the rate of $400/hour, for a total of $59,100.00; and (2) Attorney Anthony DeLuca, 83.25 hours at the rate of $150/hour, for a total of $12,487.50. Plaintiff also seeks $42,193.11 for taxable costs it incurred in connection with this litigation. Plaintiff's bookkeeper detailed those costs as follows:

| Date | Description | Amount |
| --- | --- | --- |
| 2/18/2008 | PROSTAR SERVICES - SEIZURE | $308.00 |
| 3/19/2008 | EASTERN DISTRICT COURT - FILING FEES | $371.00 |
| 3/21/2008 | GOLDFARB BONDING AGENCY - BOND | $6,387.50 |
| 3/25/2008 | GREAT LAKES COURIER - SERVICE FEES | $50.00 |
| 3/28/2008 | EASTERN DISTRICT COURT - TRANSCRIPT | $450.00 |
| 3/28/2008 | WM CONSULTING - SEIZURE | $23,109.00 |
| 3/21/2008 | SERVICE TOWING INC - SEIZURE STORAGE (3/21/08 to 9/17/09) | $10,638.81 |
| 4/28/2008 | PROSTAR SERVICES - INVESTIGATION FEES | $300.00 |
| 5/15/2009 | LINDA MILAM - INVESTIGATION FEES | $170.00 |
| 8/26/2008 | PAMELA MOCERI - DEPOSITION & TRANSCRIPT | $408.80 |

Mirch has not objected to any of the requested fees or costs, and he has not challenged the reasonableness of the hours expended or hourly attorney rates sought by Plaintiff.

### B. Attorney Fees

In this case, Plaintiff prevailed at each and every stage of the litigation. Plaintiff's request for a temporary restraining order was granted, and Plaintiff later prevailed on its motion for summary judgment. Plaintiff did so using two attorneys with substantial experience in this type of litigation. The Court finds that the billing rates charged by Mr. Wasinger and Mr. DeLuca are consistent with rates charged by lawyers of their experience in the Detroit metro area, as reflected

by many recent filings in the Eastern District of Michigan. *See, e.g.,* Wells Fargo Bank's Motion for Attorneys Fees and Related Expenses, dated August 26, 2009 (Dkt. 45) in *Wells Fargo Bank v. MPC Investors, LLC,* No. 2:09-cv-112449 (the partner on the litigation billed $525 per hour and the associate (a 2007 graduate) billed $205 per hour). *See also Worthing v. Reliance Std. Life Ins. Co.*, 2009 U.S. Dist. LEXIS 52296 (awarding $400 per hour in ERISA litigation). While this Court is not bound by decisions of other judges in this district, or by rulings in the Michigan state courts, the Court notes that such courts have awarded fees equal to or exceeding $400.

Mr. Wasinger is an experienced trial lawyer with over 30 years of experience. Several years ago, when Mr. Wasinger's rate was $375 an hour, he was awarded fees in the Eastern District at the rate of $375 per hour, and this award was affirmed by the Sixth Circuit. The Wayne Court Circuit Court also awarded Mr. Wasinger fees calculated at $375 per hour, and this amount was affirmed by the Michigan Court of Appeals. Mr. DeLuca is a 2000 law school graduate who has substantial experience in copyright law and has handled intellectual property litigation in federal courts in this district. The Court also finds that Mr. DeLuca's claimed rate of $150 per hour is actually less than the average hourly rate of a lawyer with his experience in the Detroit metro area. For the foregoing reasons, the Court concludes that the rates of $400/hour and $150/hour for Mr. Wasinger and Mr. DeLuca, respectively, are reasonable in this case. In addition, having reviewed the invoices submitted by Plaintiff, the Court also finds that the number of hours billed by Wasinger and DeLuca in this matter were reasonable and not excessive or arbitrary. Accordingly, the Court hereby awards Plaintiff $71,947.50 in attorneys' fees.

**C.      Costs**

As to the costs allegedly incurred by Plaintiff in litigating this case, Plaintiff has provided the Court with nothing but an affidavit of Plaintiff's bookkeeper and a list of the expenses allegedly incurred.  No invoices, receipts or canceled checks to demonstrate that the costs claimed were actually incurred have been provided to the Court.  Unless and until Plaintiff demonstrates that it incurred the expenses it now asks the Court to award, the Court shall not enter an order awarding Plaintiff such costs.  Accordingly, the Court hereby ORDERS Plaintiff to provide the Court with evidence that Plaintiff incurred the costs it is asking the Court to award against Mirch.  The Court ORDERS Plaintiff to provide the Court with evidence of such incurred costs on or before February 19, 2010.

## IV.  CONCLUSION

Accordingly, and for the reasons set forth above, the Court awards Plaintiff $71,947.50 in attorneys' fees.  Further, as set forth above, the Court ORDERS Plaintiff to, on or before February 19, 2010, provide the Court with evidence that Plaintiff actually incurred the $42,193.11 in costs it is asking the Court to award against Mirch.

IT IS SO ORDERED.


                                                            S/Lawrence P. Zatkoff
                                                            LAWRENCE P. ZATKOFF
                                                            UNITED STATES DISTRICT JUDGE

Dated:  February 9, 2010

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 9, 2010.

                                                  S/Marie E. Verlinde
                                                  Case Manager
                                                  (810) 984-3290